KEVIN V. RYAN (CASBN 118321)
United States Attorney

EUMI L. CHOI (WVBN 07225)
Chief, Criminal Division

H. H. (SHASHI) KEWALRAMANI (TXSBN 796879)
Assistant United States Attorney

   150 Almaden Blvd., Suite 900
   San Jose, California 95113
   Telephone: (408) 535-50610
   Facsimile: (408) 535-5066

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|    Plaintiff, ) | Case No. 05-70140 PVT |
| v. ) | |
| ) | STIPULATED INTERIM |
| SHIN-GUO TSAI, ) | PROTECTIVE ORDER |
|    Defendant. ) | |

     WHEREAS during the course of discovery in the above-captioned criminal case, the United States may produce documents containing information that is intended to be kept secret and/or is "trade secret" information (within the meaning of 18 U.S.C. § 1839(3)) belonging to Volterra Semiconductors, Inc. ("Volterra"); and

     WHEREAS the United States and defendant Shin-Guo Tsai deem it appropriate to provide for the protection of such information without agreeing that the specific information is in fact intended to be kept secret or is a trade secret, and preserving defendant Shin-Guo Tsai's right to challenge any such designation at a later time; and

     WHEREAS defendant Shin-Guo Tsai's counsel has not yet selected an expert to undertake the assignment of reviewing any confidential or trade secret information of Volterra

STIPULATED INTERIM
PROTECTIVE ORDER

but that the United States and defendant Shin-Guo Tsai wish to be able to begin the process of defendant Shin-Guo Tsai's counsel becoming familiar with the specific information, the United States and defendant Shin-Guo Tsai have agreed to the issuance of an interim protective order, with the understanding that this Stipulated Interim Protective Order may be subsequently modified in such a way as to provide for the disclosure of confidential and trade secret information to defendant Shin-Guo Tsai's expert under such restricted circumstances as the United States and defendant Shin-Guo Tsai may agree, or in the absence of such agreement that the Court may order; accordingly,

    IT IS HEREBY STIPULATED AND AGREED by and between the United States and defendant Shin-Guo Tsai and their respective counsel, that the following definitions and procedures will govern the designation and handling of material and other information produced by the United States, while reserving the question of how such material and information should be handled at trial, during pre- or post-trial hearings, and in connection with any expert retained by defendant Shin-Guo Tsai's counsel in the above-captioned case for a future time.

1. Definitions:

    a. "Confidential Material" shall mean information that is intended to be kept secret or is a trade secret within the meaning of 18 U.S.C. § 1839(3).

    b. "Discovery Material" shall mean all materials disclosed by the United States during discovery in this case (regardless of whether the criminal number assigned to this case changes due to the filing of an indictment or superseding indictment).

2. The United States may designate Discovery Material as Confidential Material to the extent that it believes in good faith that the information or material is or may be Confidential Material as defined in paragraph 1(a) above. Any labeling, segregation, or designation of Discovery Material as "Confidential Material" should be made, whenever possible, in the case of written, tangible, or documentary Discovery Material, at the time that Discovery Material is produced or made known to defendant Shin-Guo Tsai by stamping each page "CONFIDENTIAL" in a manner that is readily distinguishable from any pre-existing

STIPULATED INTERIM
PROTECTIVE ORDER

2

confidential designation or by otherwise manifesting the intention that the Discovery Material be considered Confidential Material.  Computer memory storage materials such as diskettes, hard drives, or other memory media containing Discovery Material deemed by the United States as containing Confidential Material shall be labeled on the outside of the media as "CONFIDENTIAL."

    3.  Discovery Material designated as "CONFIDENTIAL" shall be retained by defendant Shin-Guo Tsai's counsel in the above-captioned case and furnished, at this time, **to no one other than** defendant Shin-Guo Tsai's counsel in the above-captioned case, defendant Shin-Guo Tsai, the staff supporting Shin-Guo Tsai's counsel in the above-captioned case (no more than ten persons) such as paralegal assistants, secretarial, stenographic, and clerical employees who are working on this case under the direction of defendant Shin-Guo Tsai's counsel and to whom it is necessary that the materials be disclosed for purposes of the defense of this case.  All such material shall be kept in the offices of defendant Shin-Guo Tsai's counsel in the above-captioned case and neither this material nor any copies of this material shall leave that office for any purpose except submission in camera to the Court.  All such material shall be used **solely** for the purpose of conducting pre-trial, trial, and appellate proceedings in this case and for no other purpose whatsoever, and shall not be used for the economic benefit of defendant Shin-Guo Tsai or for the benefit of any third party.  All motions which contain any of the material labeled "CONFIDENTIAL" and which are filed with the Court shall be filed and kept under seal until further order of the Court.  Confidential Material filed under seal shall be filed with the Clerk of the Court in sealed envelopes prominently marked with the caption of this case and the notation:

        **"TO BE FILED UNDER SEAL"**
        Contains Confidential Material
        To Be Opened Only As Directed By The Court

    4.  Before any Confidential Material produced by the United States may be made available to persons described in paragraph 3 other than defendant Shin-Guo Tsai and his counsel and staff supporting Shin-Guo Tsai's counsel in the above-captioned case, counsel for defendant Shin-Guo Tsai must provide written notice ("Notice of Intent to Disclose") at least seven business

STIPULATED INTERIM
PROTECTIVE ORDER

1  days in advance to counsel for the United States and to the designated representatives of Volterra
2  named in paragraph 10 of this Stipulated Interim Protective Order. The United States and
3  Volterra may object to such disclosure, in writing, for good cause shown. Once an objection is
4  made, defendant Shin-Guo Tsai shall have five business days to respond. If no agreement is
5  reached by the United States, the objecting company or companies, and defendant Shin-Guo Tsai
6  within five additional business days, the United States and/or the company or companies
7  opposing the disclosure may apply to the Court for appropriate relief, with copies of such motion
8  being served on the United States, the company or companies opposing the disclosure, and
9  defendant Shin-Guo Tsai. Once an objection has been made, no Confidential Material may be
10 disclosed to the individual unless and until the objection has been resolved or ruled upon by the
11 Court.

12    5. The persons described in paragraph 3 shall not have access to Confidential Material until
13 they have certified that they have read, understand, and agree to the terms of this Stipulated
14 Interim Protective Order and have manifested their assent to be bound thereby, and to be subject
15 to the jurisdiction of the Court for the purpose of proceedings relating to the performance under,
16 compliance with, or violation of this Stipulated Interim Protective Order, by signing a copy of
17 the attached "Acknowledgment of Stipulated Protective Order in <u>United States v. Shin-Guo Tsai</u>,
18 Case No. 05-70140 PVT." If the criminal number assigned to this case changes, the new
19 criminal number shall be used in place of the presently assigned case number. Once a person
20 has executed an Acknowledgment, it shall not be necessary for that person to sign a separate
21 Acknowledgment each time that person is subsequently given access to Confidential Material.
22 Each signed acknowledgment shall be provided to the United States and a copy shall be
23 maintained by counsel for defendant Shin-Guo Tsai.

24    6. The recipient of any Confidential Material that is provided under this Stipulated Interim
25 Protective Order shall keep such information in a manner reasonably intended to preserve and
26 maintain the confidentiality of the information and shall not disclose such information to any
27 individuals except as authorized by this Stipulated Interim Protective Order.
28

STIPULATED INTERIM
PROTECTIVE ORDER

4

7. At the conclusion of the above-captioned case, defendant Shin-Guo Tsai and his counsel in the above-captioned case agree to the return of all Confidential Material to the United States except as directed by the Court.

8. Nothing herein shall prevent defendant Shin-Guo Tsai from using the Confidential Material or from referring to or reciting from any information contained in such Confidential Material in connection with pleadings or motions filed in this case, provided that such materials be filed under seal and/or submitted to the Court for <u>in camera</u> inspection. The use of Confidential Material at trial or pre- or post-trial hearing will be resolved at or before the time of the trial or hearing.

9. Should defendant Shin-Guo Tsai dispute the propriety of any designation of Discovery Material as Confidential Material, his counsel shall notify in writing the United States and the designated representatives of Volterra named in paragraph 10 of this Stipulated Interim Protective Order. Such notice shall state counsel's position with regard to the matter in issue. Within seven business days from receiving the notice, the United States shall – and Volterra may – respond to the notice in writing. If, after this exchange of correspondence, defendant Shin-Guo Tsai, the United States, and Volterra cannot resolve their dispute, they may apply to the Court to do so. During the pendency of the dispute and any court resolution thereof, including an appeal of the Court's decision on such motion, the discovery material shall be deemed "CONFIDENTIAL" as designated and shall be covered by the provisions of this Stipulated Interim Protective Order.

10. All notices to be provided to Volterra pursuant to this Stipulated Interim Protective Order shall be sent, via facsimile and overnight mail to: David Lidsky, 3839 Spinnaker Court, Fremont, California 94538, telephone (510) 743-1205, facsimile (510) 743-1600, who shall be considered as one of the designated corporate representatives of Volterra.

11. Nothing in this order shall preclude the United States, defendant Shin-Guo Tsai, or Volterra from applying to the Court for further relief or modification. It is also expressly understood that a further request may be made for disclosure to an expert hired by defendant

STIPULATED INTERIM
PROTECTIVE ORDER

5

1  Shin-Guo Tsai in preparation for the trial of this case.

2     12.  Violation of this Stipulated Interim Protective Order may be punishable by contempt of
3  court, whatever other sanction the Court deems just, and/or any other sanctions which are legally
4  available.

5  DATED: May 24, 2005.                        KEVIN V. RYAN
                                                          United States Attorney

                                                          /s/
                                       H. H. (SHASHI) KEWALRAMANI
                                       Assistant United States Attorney

STIPULATED INTERIM
PROTECTIVE ORDER

|   |   |
|---|---|
| 1 | **AGREEMENT TO BE BOUND BY** |
| 2 | **STIPULATED INTERIM PROTECTIVE ORDER** |

The undersigned, defendant Shin-Guo Tsai, and his counsel in the above-captioned case, John D. Robertson, hereby acknowledge that they have received a copy of the Stipulated Interim Protective Order in the above-captioned case, have read, understand, and agree to be bound by all of the provisions thereof, and hereby submit to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Interim Protective Order and the punishment of any violations thereof.

DATED: May 20, 2005.

/s/
JOHN D. ROBERTSON
Attorney for defendant Shin-Guo Tsai

DATED: May 20, 2005.

/s/
VIVIAN LU
Attorney for defendant Shin-Guo Tsai

DATED: May 20, 2005.

/s/
SHIN-GUO TSAI
Defendant

DATED: June 3, 2005

IT IS SO ORDERED.

/s/ Patricia V. Trumbull
UNITED STATES MAGISTRATE JUDGE

STIPULATED INTERIM
PROTECTIVE ORDER

7

## ACKNOWLEDGMENT OF STIPULATED PROTECTED ORDER
## IN <u>UNITED STATES v. SHIN-GUO TSAI</u>, Case No. 05-70140 PVT

The undersigned hereby acknowledges that he or she has received a copy of the Stipulated Interim Protective Order issued in <u>United States v. Shin-Guo Tsai</u>, Case No. 05-70140 PVT, has read, understands, and agrees to the terms of the Stipulated Interim Protective Order, and hereby submits to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Interim Protective Order and the punishment of any violations thereof.

DATED:

_____
Signature

_____
Street Address

_____
City, State, and Zip Code

_____
Area Code and Telephone Number

STIPULATED INTERIM
PROTECTIVE ORDER

8